981 F.2d 1252
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Charles R. WILLIAMS, Defendant-Appellant.
 No. 92-5073.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: November 30, 1992
Decided: December 16, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-91-141-N)
 William P. Robinson, Jr., ROBINSON, MADISON, FULTON & ANDERSON, Norfolk, Virginia for Appellant.
 Richard Cullen, United States Attorney, Robert Edward Bradenham II, Assistant United States Attorney, Camille M. Stefan, Third Year Law Student, Norfolk, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Charles R. Williams pled guilty to conspiracy to distribute cocaine, 21 U.S.C.A. § 846 (West Supp. 1992), and distribution of cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1992). He appeals his sentence on the grounds that the district court erred in denying him a reduction in offense level for acceptance of responsibility and in increasing his offense level for obstruction of justice and for possession of a firearm during a drug trafficking offense.[1] We affirm.
 
 
 2
 Williams met undercover officer Tracy Branch through a confidential informant and sold Branch 3.2 grams of cocaine in early August 1991. At this first meeting, Branch saw the outline of a gun tucked into Williams's pants under his shirt. Williams gave Branch his pager number and said he could supply any amount of cocaine. He was with another male who was not clearly seen by Branch.
 
 
 3
 On August 14, Williams sold Branch three ounces (82.88 grams) of cocaine for $3,300. Co-defendant Mannix Leonard was with him and Williams handed Leonard the money when he received it. Branch next contacted Williams using his pager and negotiated to buy onehalf kilogram from Williams for $16,000. Before they met for the transaction, Williams told Branch he would only have 5 or 6 ounces to sell. On August 19, Williams and Leonard came to the meeting arranged with Branch, and both were arrested. 13.8 grams of cocaine were found in Williams's car.
 
 
 4
 Williams and Leonard were charged with conspiracy and distribution. Williams entered a guilty plea, but Leonard went to trial. Williams testified in Leonard's defense that Leonard was not involved in his drug activities and had just been along for the ride when he accompanied Williams to meetings with Branch. Regarding his own activities, Williams admitted nothing beyond the conduct in the counts he had pled guilty to. When asked by the government attorney about the identity of his cocaine source, how long he had sold cocaine, and what amounts he sold, Williams invoked the Fifth Amendment. In spite of Williams's testimony, Leonard was convicted.
 
 
 5
 All of the issues raised in this appeal involve factual determinations made at Williams's sentencing which we review under the clearly erroneous standard. United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989). At the sentencing hearing, the government offered Branch's testimony about the appearance of the object he had seen under Williams's shirt and his experience with guns from law enforcement and the military, which enabled him to recognize what it was. Williams presented no evidence on this point, but argued that the presence of the gun was not proved because Branch had not actually seen it. We find no clear error in the district court's decision that the government had proved by a preponderance of the evidence that Williams was carrying a gun at his first meeting with Branch.
 
 
 6
 On obstruction of justice and acceptance of responsibility, Williams offered the probation officer's testimony that he had not specifically questioned Williams about his conduct beyond the counts of conviction, but had relied on information from the government about Williams's testimony at Leonard's trial in making his recommendations. The district court judge, who had also presided at Leonard's trial, found that Williams had not demonstrated his acceptance of responsibility because he had admitted only what he knew the government could prove. We cannot disagree with this finding. To earn the reduction, a defendant must acknowledge all his criminal conduct. United States v. Gordon, 895 F.2d 932 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). Moreover, we note that this is not one of those "extraordinary" cases in which a defendant can benefit from the acceptance of responsibility reduction when he has been found to have obstructed justice. U.S.S.G. § 3E1.1, comment. (n.4).
 
 
 7
 The district court further found that Williams had testified untruthfully at Leonard's trial in an attempt to obstruct justice. This decision was not clearly erroneous, and the increase in offense level was thus justified.[2]
 
 
 8
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual, §§ 3E1.1, 3C1.1, 2D1.1(b)(1) (Nov. 1991)
 
 
 [2]
 United States v. Dunnigan, 944 F.2d 178 (4th Cir. 1991), cert. granted, 60 U.S.L.W. 3798 (U.S. 1992), does not apply because Williams pled guilty and was not testifying in his own defense